UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TARENCE KIRKLAND,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

24-CV-4434 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, who is proceeding *pro se*, styles this *habeas corpus* proceeding as brought under 28 U.S.C. § 2255, the vehicle to challenge federal convictions. As discussed below, the Court (1) recharacterizes Petitioner's submission as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, (2) provides Petitioner the opportunity to withdraw the recharacterized petition within 30 days of the date of this order, and, (3) should Petitioner choose to proceed with this Section 2254 petition, directs Petitioner, within 30 days, to pay the $5.00 filing fee or submit an application asking that the fee be waived.

## DISCUSSION

**A.    Designation of Section 2255 Motion as a Petition Under Section 2254**

    Petitioner seeks to challenge his September 1, 2017, Westchester County state court conviction, in which he was sentenced to serve six years of incarceration. (ECF 1); *see People v. Kirkland*, 203 A.D.3d 951 (App. Div. 2d Dep't Mar. 16, 2022), *leave to appeal denied*, 38 N.Y.3d 1134 (July 29, 2022), *cert. denied sub nom. Kirkland v. New York*, 143 S. Ct. 533 (Dec. 12, 2022). Petitioner challenges this conviction under Section 2255. The petition, however, must be construed as a petition brought under Section 2254 because Petitioner seeks to challenge "the judgment of a State court only on the ground that he is in custody in violation of the Constitution

or laws or treaties of the United States." 28 U.S.C. § 2254. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001).

If Petitioner does not want to pursue relief under Section 2254, he may notify the Court in writing within 30 days that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam); *see also Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003). Petitioner will have one opportunity within the limitations period for a full adjudication of his claims. If Petitioner does not inform the Court of his intent within 30 days, the application shall remain designated as a petition under Section 2254

**B.     Filing Fee for Section 2254 Petition**

To proceed with a Section 2254 petition in this court, Petitioner must either pay the $5.00 filing fee or, to request authorization to proceed *in forma pauperis* ("IFP"), submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. If Petitioner submits an IFP application, it should be labeled with docket number 24-CV-4434 (LTS). If the Court grants the IFP application, Petitioner will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

## CONCLUSION

The Court recharacterizes Petitioner's submission as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Petitioner shall notify the Court within 30 days if he wishes to withdraw his submission. If Petitioner intends to pursue relief under Section 2254, within 30 days, he must pay the $5.00 filing fee or submit an IFP application.

If Petitioner complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

No answer shall be required at this time. A ruling on Petitioner's submission seeking an order to show cause will issue following Petitioner's either paying the filing fee or submitting an IFP application.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 12, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge